UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTONIO DEJESUS SILVA FLORES,

Petitioner,

v. Case No.: 2:26-cv-2442-SPC-KRH

CHIEF CHRIS ROBERTS *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Antonio DeJesus Silva Flores's Motion to Enforce September 11, 2026 Habeas Order and Judgment (Doc. 8) and the government's response (Doc. 10).

Silva Flores is a noncitizen in immigration detention. On September 11, 2026, this Court granted his habeas petition and ordered the government to afford him a bond hearing with certain guardrails:

> The Court orders the Respondents to bring Petitioner before an immigration judge for an individualized bond hearing within ten days of the date of this Order. The hearing must include--and the resulting order must reflect--consideration of the factors set forth in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof. If Respondents are unable to ensure Petitioner receives a bond hearing that complies with this Order within ten days, they must release him under reasonable conditions of supervision.

(Doc. 6).

Immigration Judge Liviu Lungu conducted a bond hearing on September 18, 2026, found Silva Flores to be a flight risk, and denied bond. Silva Flores argues the bond hearing did not comply with the Court's order, and the Court agrees. While Judge Lungu stated he placed the burden of proof on DHS, his reasons for denying bond indicate the burden was on Silva Flores.

Judge Lungu's order does not rely on any evidence or argument presented by DHS. Instead, he points to these perceived gaps and inconsistencies in the evidence Silva Flores presented in his favor: (1) the address on Silva Flores's federal income tax returns and paystubs is different from the address on his residential lease agreement; (2) Silva Flores claimed he has lived in the U.S. since 2015, but the oldest document he submitted is from 2018; (3) Silva Flores's application for cancellation of removal is not likely to succeed because he did not prove at the bond hearing that his twin, 2-year-old, U.S. citizen children would suffer an exceptional and extremely unusual hardship if he were deported; and (4) Silva Flores could not explain why his paystubs contained different social numbers, which "may show a disregard for the laws of this country."[1] (Doc. 10-1 at 2-3).

[1] Silva Flores's motion explains how he addressed these inconsistencies at the bond hearing, but that is outside the scope of the Court's review. In deciding the motion, the Court looks to ensure the government complied with its prior order. The Court cannot and has not reweighed or reconsidered the evidence presented at the bond hearing. *See* 8 U.S.C. § 1226(e).

Because Silva Flores did not receive a bond hearing that complied with the Court's order, he is entitled to the alternative relief—immediate release. Accordingly, Silva Flores's motion (Doc. 8) is **granted**. The respondents shall release Silva Flores within 12 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

**DONE and ORDERED** in Fort Myers, Florida on September 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record